## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| v. | Case No. 1:08-cr-271-RCL-1 |
| **EDDIE RAY KAHN,** | |
| *Defendant.* | |

### MEMORANDUM ORDER

Defendant Eddie Ray Kahn founded and operated a large-scale organization that sold tax defiance schemes to help thousands of individuals obstruct the Internal Revenue Service's efforts to collect taxes. ECF No. 370. After a three-week jury trial, defendant was found guilty of conspiring to defraud the United States and commit mail fraud in violation of 18 U.S.C. §§ 2 & 371 (Count 1) and mail fraud in violation of 18 U.S.C. §§ 2 & 1341 (Count 5). ECF No. 328 at 1. On August 30, 2010, the Court sentenced defendant to 60 months' imprisonment on Count 1 and 240 months' imprisonment on Count 5, to run concurrently, followed by 36 months of supervised release. ECF No. 409. As of today, and accounting for good time, defendant has 59 months remaining on his term of imprisonment.

Defendant now moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 559. He argues that his advanced age, pulmonary fibrosis, latent tuberculosis, and other serious medical conditions greatly increase his risk of severe illness or death if he contracts COVID-19 in prison. ECF No. 559 at 16 & 26–33. He asks the Court to reduce his sentence to time served or, alternatively, to permit him to "serve some or all of his supervised release term on home detention." *Id.* at 7. In response, the Government says that "given the particularities of this defendant's medical problems, the pandemic-related circumstances of his incarceration at

1

CI Rivers, and specific application of the § 3553(a) factors in this case," it does not object to the release of defendant to serve the remaining 59 months of his term of imprisonment on home detention. ECF No. 564. Defendant replied, again requesting his unconditional release. ECF No. 565. Alternatively, defendant requests that the Court should reduce his term of imprisonment to time served and order that he serve the first six months of his release on home detention as a condition of his supervised release. *Id.* at 1–2.

Before the Court can grant defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), ECF No. 559, three requirements must be met. First, the defendant must have exhausted his administrative remedies. This requires a showing that "defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or that 30 days have elapsed since "the receipt of such a request by the warden of the defendant's facility," whichever is earlier. 18 U.S.C. § 3582(c)(1)(A). Second, the Court must find "extraordinary and compelling reasons" warranting a reduction of the sentence originally imposed. *Id.* Third, the Court must find that "the defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13 (Sentencing Commission's policy statement on sentence reductions under § 3582(c)(1)(A)); *see* § 3582(c)(1)(A) (requiring that a reduction in sentence is "consistent with applicable policy statements issued by the Sentencing Commission").

If these three requirements have been met, § 3582(c)(1)(A) provides that the Court "may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment)," after considering the relevant factors set forth in § 3553(a). Those factors include "the nature and circumstances of the offense and the history and characteristics of the defendant" and the need for the sentence imposed to (A) "reflect the seriousness of the offense, to promote

2

respect for the law, and to provide just punishment for the offense," (B) "to afford adequate deterrence to criminal conduct," (C) "to protect the public from further crimes of the defendant," and (D) "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a).

Here, both parties believe that the first three requirements have been met. ECF Nos. 559 at 25–42 & 564 at 1, 5–9. The Court agrees. As a threshold matter, defendant has properly exhausted his administrative remedies. *See* ECF No. 559-2 at 1–4 (letter to BOP on 5/18/2020 asking for early release); *id.* at 5 (response from BOP on 6/9/2020 denying defendant's request); *see also* U.S.C. § 3582(c)(1)(A). And on the merits, the Court agrees that "extraordinary and compelling reasons" warrant a reduction in defendant's sentence. § 3582(c)(1)(A). At age seventy-seven, defendant suffers from serious medical conditions including pulmonary fibrosis (lung scarring from pneumonia), latent tuberculosis, undiagnosed hypertension, and peripheral neuropathy. ECF Nos. 559 at 16 & 564 at 4. Though the "mere existence of COVID-19 in society and the possibility that it might spread to a particular prison alone cannot independently justify compassionate release," *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020), the Court finds that defendant's age, health problems, and increased risk of death or serious illness should he contract the virus amount to "extraordinary" circumstances warranting a sentence reduction. § 3582(c)(1)(A). The Court also finds that at age seventy-seven, defendant does not pose a danger to any other person or to the community. *See* U.S.S.G. § 1B1.13. This finding is bolstered by the fact that defendant has no history of committing violent crimes. In sum, the Court agrees with the parties that a sentence reduction is warranted under § 3582(c)(1)(A).

The only issue left to decide, then, is what that reduced sentence should be. To do so, the Court must consider the relevant factors set forth in § 3553(a). *See* § 3582(c)(1)(A). The parties

3

agree that defendant's 240-month term of imprisonment should be reduced to time served. *See* ECF Nos. 565 at 2 & 564 at 1–2. But they disagree as to the conditions upon release. The Government asks the Court to place defendant on home detention for 59 months, which is the time remaining on his original sentence of imprisonment. ECF No. 564 at 1–2. Defendant argues that if he must be placed on home detention, the Court should limit that detention to six months. ECF No. 565 at 2.

After considering the factors set forth in § 3553(a), the Court will reduce defendant's term of imprisonment to time served, impose a term of supervised release of 36 months (which is the term of supervised release originally imposed, ECF No. 409), and order that defendant be placed on home detention for the duration of his supervised release. The Court finds that this sentence reduction reflects the seriousness of defendant's offense and is sufficient to deter future criminal conduct. Defendant was detained for approximately two years awaiting trial and sentencing on these charges and has served over ten years in prison on these offenses. *See* ECF No. 564 at 3. Factoring in good time credit, that amounts to over 70% of defendant's original term of imprisonment. *See* ECF Nos. 559 at 5 & 564 at 2. And during his incarceration, defendant has maintained a clean disciplinary record. *See* ECF No. 564 at 8. The Court is fully aware of the severity of defendant's offenses against the United States and the need to punish those offenses. When it sentenced defendant for his serious misconduct, the Court decided that 20 years was a "sufficient, but not greater than necessary" punishment. § 3553(a). Yet given defendant's age and medical conditions, the Court now finds that requiring defendant to serve the remaining 59 months of his sentence in prison would impose a punishment greater than necessary. Instead, the Court will impose 36 months of home detention, which it finds appropriate for purposes of punishment and deterrence under the § 3553(a) factors.

4

\* \* \* \* \*

Accordingly, for the reasons explained above, it is hereby

ORDERED that pursuant to the authority vested in this Court to reduce a previously imposed term of imprisonment under 18 U.S.C. § 3582(c)(1)(A), defendant's motion for compassionate release, ECF No. 559, is **GRANTED IN PART** and **DENIED IN PART**; and it is further

ORDERED that defendant's original term of imprisonment, ECF No. 409, is hereby **REDUCED** to time served; and it is further

ORDERED that defendant shall undergo a 14-day quarantine prior to his release from prison to mitigate the spread of COVID-19; and it is further

ORDERED that within 72 hours of release from custody, defendant shall report to the Probation Office of the District of Columbia (or any other supervising district) to commence the 36-month term of supervised release that the original judgment imposed; and it is further

ORDERED that the conditions of supervised release that this Court imposed in the original judgment will be **MODIFIED** to provide as follows: Defendant is required to serve his 36-month term of supervised release under home detention. Defendant will be monitored by the form of location-monitoring technology indicated herein for a period of 36 months and shall follow the rules and regulations of the location-monitoring program. The cost of the program is waived. Location-monitoring technology shall be at the discretion of the Probation Officer, including: Radio Frequency (RF) Monitoring, GPS Monitoring (including hybrid GPS), or Voice Recognition. This form of location-monitoring technology shall be used to monitor the following restriction on defendant's movement in the community: defendant is restricted to his residence at all times except for employment, education, religious services, medical, substance abuse, or mental

health treatment, attorney visits, court appearances, court-ordered obligations, or other activities as pre-approved by the Probation Office; and it is further

ORDERED that defendant shall abide by all other supervised release conditions set forth in the original judgment, ECF No. 409.

It is **SO ORDERED**.

Date: December 22, 2020

_Royce C. Lamberth_
Hon. Royce C. Lamberth
United States District Judge